## Roseburg's Estate.

*Statute of limitations—Fraud—Discovery of fraud—Executors and administrators.*

Where an administrator of his wife's estate falsely and fraudulently informs the widow of his son that she has no interest in the decedent's estate although as a matter of fact she is entitled to a share therein as the heir of her own deceased child, and distribution is made without her sharing in it, the statute of limitations begins to run in favor of the administrator or his estate only from the date when the fraud was discovered.

Argued April 11, 1911. Appeal, No. 15, April T., 1911, by Fidelity Title & Trust Company, Administrator d. b. n. of William Roseburg, deceased, from decree of O. C. Alle-

gheny Co., May T., 1899, No. 86, awarding payment in estate of Margaret J. Roseburg, deceased. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition to compel payment of a distributive share of the estate of Margaret J. Roseburg, deceased. Before OVER, J.

The court below found the facts to be as follows:

This petition is filed by Luella A. Roseburg, mother of Vida A. Roseburg, who died November 19, 1887, in her third year, in which it is alleged that said minor was entitled to a distributive share in the estate of her grandmother, Margaret J. Roseburg, who died November 28, 1886; that by reason of fraudulent concealment of that fact by William Roseburg, surviving husband and administrator of said decedent, at the audit of his account no distribution was made to said minor, but the whole estate was improperly distributed, one-fifth to said William Roseburg, as surviving husband, and one-fifth to each of four surviving children of the decedent. The prayer of the petition is that the decree of distribution be vacated and decree made for restitution by the distributees to the petitioner of the distributive share of her daughter. Vida A. Roseburg was the only surviving child of the petitioner and John A. Roseburg, deceased son of Margaret J. Roseburg, who died October 19, 1885, prior to her.

As the petitioner here, as surviving mother of Vida, inherited all her personal estate, no objection is raised that the proper party to file this petition would be the administrator of Vida, and it was agreed at the hearing that an administrator of her estate would not be required.

William Roseburg took out letters on his wife's estate December 16, 1886, filed his account embracing personalty only March 27, 1899, and at the audit September 28, 1899, testified that his wife died "intestate, leaving myself, her husband, and four children, Samuel L., William, Robert W., and Mrs. Margaret J. McCandless, all of full age."

On September 29, 1899, a decree of distribution was made distributing $1,079.37 of the fund in the administrator's hands to each of said parties. The petitioner did not know until September, 1901, that an account had been filed, when she wrote William Roseburg in regard to the matter, receiving the following reply, dated September 22, 1901:

"Your favor of the 15th instant is received and I note contents. In the first place your informant, whether real or imaginary, is grossly ignorant of the law governing the matter to which you refer, as you have not now, nor ever did have the smallest interest in my wife's estate. The estate has long since been settled and the account approved by the court, and I may add if you desire to consult an attorney I have no objections whatever, but as I have the best legal talent at the bar who have passed upon this matter, if you expect to make any money out of me in this way I rather think you will be mistaken."

She avers in her petition that she relied on the representations made in this letter, did not consult counsel, and did not know that her deceased daughter was entitled to distribution of the one-sixth of her grandmother's estate until so informed by R. B. Petty, Esq., in the spring of 1909, and in July following this petition was filed. The answers do not admit that she had not consulted counsel, and demand proof of all averments not admitted. The averments, however, as to the information received from Mr. Petty are admitted. William Roseburg having died on December 14, 1906, and Robert W. Roseburg on April 24, 1909, she was not a competent witness to support the averments in her petition. Her relations with her father-in-law had been friendly, she having kept house for him for some time after his wife's death, her daughter living with them during that period; he was a man of good reputation, and it was natural that she should have the greatest confidence in him. She acted promptly after receiving information from Mr. Petty, and as it must be presumed, she would have acted just as promptly had she been previously informed of her rights, we find the facts

258            ROSEBURG'S ESTATE.

Statement of Facts—Opinion of the Court.    [47 Pa. Superior Ct.

to be as stated in the averments of her petition above re-cited.

The court entered a decree directing payment of the sum of $1,467.24.   The administrator d. b. n. appealed.

*Error assigned* was the decree of the court.

*C. C. Dickey*, with him *W. K. Shiras* and *Malcolm Mc-Giffin*, for appellant.—The claim was barred by the stat-ute: Green's App., 59 Pa. 235; Evans v. Bacon, 99 Mass. 213; Kuhn's App., 87 Pa. 100; Adams's Est., 183 Pa. 134; Weiting v. Nissley, 6 Pa. 141; Baggs's App., 43 Pa. 512, Scott's App., 112 Pa. 427; Piper's Est., 208 Pa. 636; Millard v. Del., L. & West. R. R. Co., 224 Pa. 448; Breit v. Yeaton, 101 Ill. 242; Wood v. Carpenter, 101 U. S. 135; Cole v. McGlathry, 9 Maine, 131; McKown v. Whitmore, 31 Maine, 448; German-American Seminary v. Kiefer, 43 Mich. 105; Dilworth v. Bradner, 85 Pa. 238; Kern v. Simpson, 126 Pa. 42; High v. Berret, 148 Pa. 261.

*R. B. Petty, Jr.*, of *R. B. Petty & Sons*, for appellee, cited: Erhart's Est., 31 Pa. Superior Ct. 120; Patterson v. Nichol, 6 Watts, 379.

Opinion by Head, J., July 13, 1911:

Margaret J. Roseberg died November 28, 1886, intestate. She left to survive her a husband, William Roseburg, who took out letters of administration upon her estate, four children, and one grandchild, a daughter of a son of the decedent who died before his mother.   The adminis-trator did not file his account of the personal estate until 1899, some years before which time the granddaughter referred to died.   At the time of her death she was but three years of age, and was survived by her mother, the present petitioner.   Under this state of facts it is agreed that the personal estate of the decedent should have been equally distributed among the six persons who were her next of kin, to wit, her husband, her four surviving child-

ren, and this petitioner in right of her daughter, the grandchild mentioned. It was the duty of the administrator to advise the auditing judge of the facts necessary to enable him to enter a proper decree of distribution. Testifying for that purpose at the audit, the administrator made no mention whatever of the deceased grandchild who had survived her grandmother, and who had left as her own heir at law her mother, but named only himself and his four children as the surviving next of kin entitled to take the fund. As a consequence the present petitioner was excluded, and the fund, amounting to something over $5,000, was divided between the administrator and his four children.

Shortly after this decree was made, and in ample time to have corrected the wrong worked to the present petitioner, either through the ignorance or the fraud of one who stood in a double relation of trust towards her, the petitioner wrote William Roseberg a letter of inquiry as to her rights, if any, in the estate of his deceased wife. His reply is quoted in full in the opinion of the learned judge below. He finds, and his finding is supported by evidence, that the statements contained in that letter were not only false in fact, but were willfully and fraudulently false; made with the design to deceive the petitioner. The man who wrote that letter was not only her father-in-law, the head of the family in which she had lived as one of its members, a man of wide business experience on whose judgment she might naturally rely, but was the administrator of an estate in which she was interested, charged with the duty of duly administering that property. The learned judge below further finds that the petitioner did rely upon the representations made in that letter and was convinced thereby that she had no interest in the estate of Margaret Roseberg until she was accidentally informed a few years later of her true status and legal rights in the matter. She then began these proceedings to recover from the estate of William Roseberg, who was then dead but whose estate was unsettled, the money of which she had been wrongfully

deprived by his action already described. ·She sought to recover not only the fractional share of her inheritance, which he had wrongfully received, but also the portion distributed to his children which she could not recover from them by reason of lapse of time.

The only defense made to her claim was the statute of limitations. It may be remarked that this is not a proceeding to review the account of William Roseberg, administrator of his deceased wife. We have therefore nothing to do with the act of 1840 and the decisions under it. That the orphans' court had power to correct its own decree of distribution, so long as it affected the rights of no one except of him who had caused the erroneous decree, we think cannot be doubted. But the mere correction of that decree gave to the petitioner nothing except a foundation upon which to prosecute an action against William Roseberg, if living, or his estate after his death.

The whole doctrine of the application of the statute of limitations in cases like the present one is fully reviewed by Mr. Justice MITCHELL in Smith v. Blachley, 198 Pa. 173. An examination of that case clearly shows that under the earlier decisions in this state there could be no doubt that the statute of limitations would have been unavailable as a defense in the present case. But even if we recognize the distinction so carefully pointed out by that eminent jurist, we must still hold that, under the facts presented by this record, the statute of limitations furnishes no bar to the relief sought by the plaintiff and accorded to her in the decree here appealed from. In the case cited there is quoted with approval, the following language, taken from Wood on Limitation of Actions, sec. 276, as accurately expressing the doctrine that has been followed in more recent decisions: "Something more than mere silence is necessary unless the relationship of the parties is such that the party is bound to speak; it is necessary that some effort to conceal the fraud should have been made, either by preventing an investigation or by misleading the party making inquiry, or that misrepresen-

tations were made by the party which were calculated to mislead him." In Fleming v. Culbert, 46 Pa. 498, it was said that even if an attorney in fact had collected the money of his client, his failure to pay it over within a reasonable time would be an actionable breach of duty and that the statute would run from the time the right of action accrued, "But," said WOODWARD, J.,—"if there be fraudulent concealment on the part of the attorney, as, for example, if he give false or evasive answers to the inquiries of his client or principal, the statute begins to run only from discovery of the fraud." Again, in Sankey v. McElevey, 104 Pa. 265, the whole question was again elaborately reviewed by GREEN, C. J., and the principle thus stated: "But even in courts of equity we apprehend that there must be some relation of trust and confidence between the parties, imposing a duty to give information or some affirmative act or fraud, something more than mere silence, which will suffice to defeat the operation of the statute, where the basis of the reply to the statute is concealment of the cause of action."

Applying the principle thus enunciated to the facts as found by the learned judge below, we are obliged to hold that in this case the statute of limitations began to run only from the time of the discovery of fraud by the petitioner, and as a consequence interposed no bar to the successful prosecution of her claim.

Decree affirmed.